NO. 07-09-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 26, 2010

_____

JIMMY J. GOBER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,987; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

The majority concludes that Appellant has failed to properly preserve for our review any error raised by his single issue contending that the trial court abused its discretion by overruling his motion to require a co-defendant to invoke her Fifth Amendment privilege against self-incrimination outside the presence of the jury.

Because I believe the error was properly preserved, but further conclude that the error was harmless, I concur in the decision of the Court.

## Background

Although the majority opinion accurately summarizes the factual and procedural background of this case, it is the State's alternative arguments that differentiate the opinions of this Court. The State contends the trial court did not err by overruling Appellant's motion to require Gloria Flores, an indicted co-defendant, to assert her Fifth Amendment privilege against self-incrimination outside the presence of the jury. Alternatively, the State argues that Appellant did not preserve that error (the argument accepted by the majority). Alternatively to that, the State argues that Appellant's follow-up questions to the State's objectionable questions, also causing Flores to invoke her Fifth Amendment privilege, operated to "cure" the error. Finally, and again alternatively, the State argues that any error is harmless.

## Harmless Error Analysis

Other than constitutional error, any error, defect, irregularity, or variance that does not affect the appellant's substantial rights must be disregarded by an appellate court in determining whether to reverse the decision of a lower court. Tex. R. App. P. 44.2(b) (Vernon 2003). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *Russell v. State,* 113 S.W.3d 530,

549 (Tex.App.--Fort Worth 2003, pet. ref'd) (citing *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997)). In assessing reversible error, an appellate court should consider the entire record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the jury's verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2002). The reviewing court should also consider non-evidentiary elements of the trial, including voir dire, the State's theory, and any defensive theories, the jury instructions, and closing arguments. *Id.*

Here, the error complained of by Appellant, to-wit: the trial court erred by overruling Appellant's motion to require Flores, an indicted co-defendant, to assert her Fifth Amendment privilege against self-incrimination outside the presence of the jury, is not constitutional because none of Appellant's constitutional rights were implicated. Therefore, our harmless error analysis must focus on whether any of Appellant's rights were substantially affected by that error.

Appellant contends that he was prejudiced because the jury was allowed to draw inappropriate conclusions from the questions asked. However, Appellant was also allowed to ask questions which Flores equally answered by asserting her Fifth Amendment privilege. While Appellant's questions did not "cure" the error invited by the State, they are something this Court may consider in its harm analysis. Because it is no

3

more likely that the jury drew incriminating inferences from the State's questions than it drew exonerating inferences from Appellant's questions, we cannot conclude that allowing these questions, in and of themselves, substantially affected Appellant's rights.

Furthermore, considering the error in relation to the rest of the evidence presented by the State, any inferences that might have been injected by the questions is of only slight significance. The jury heard testimony from the arresting officers, reviewed photographs of the contraband seized, and heard portions of a recorded interview between an officer and Appellant. Considering the entirety of the record, including the instructions from the court that the verdict was to be based upon the evidence heard (as opposed to speculating on what it didn't hear), there is virtually no reason to believe the jury's verdict was based on this error. Finding that the error did not have a substantial and injurious effect or influence on the jury's verdict, thereby substantially affecting Appellant's rights, I find the error to be harmless and I concur in the conclusion reached by the majority to affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.

4